**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TIME DARDEN,<br><br>Plaintiff,<br><br>– against –<br><br>LIBERTY MUTUAL TECHNOLOGY GROUP INC. and LIBERTY MUTUAL GROUP INC.,<br><br>Defendants. | Case No. 1:26-cv-05017-NCM-LKE<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Liberty Mutual Technology Group Inc. ("LMTG") and Liberty Mutual Group Inc. ("LMGI") (together, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint and Demand for Jury Trial (ECF No. 1) (the "Complaint") filed by Plaintiff Time Darden ("Plaintiff") and assert their affirmative and other defenses as follows. LMGI joins in this Answer without waiving, and expressly preserving, its position that it was not Plaintiff's employer and is not a proper defendant.

## GENERAL DENIAL AND PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny each and every allegation of the Complaint, including all headings, subheadings, unnumbered paragraphs, footnotes, prayers for relief, and exhibits, except those allegations expressly and specifically admitted below. Any allegation admitted is admitted only as to the specific facts stated and not as to any characterization, inference, or legal conclusion.

The headings and subheadings of the Complaint are repeated below solely for ease of reference and organization. To the extent any heading or subheading is deemed to contain factual

allegations, those allegations are denied. Defendants do not adopt or admit any characterization contained in any heading.

Where Defendants state that a document "speaks for itself," Defendants refer the Court to the document for its complete and accurate contents and deny any allegation or characterization inconsistent with it. Where Defendants state that an allegation states a legal conclusion, no response is required; to the extent a response is deemed required, the allegation is denied. Where Defendants state that they lack knowledge or information sufficient to form a belief about the truth of an allegation, that statement has the effect of a denial under Rule 8(b)(5).

The Complaint repeatedly refers to "Liberty" and "Defendants" collectively. Defendants respond on behalf of each Defendant only as to matters within that Defendant's knowledge, and deny that LMTG and LMGI may be treated collectively for purposes of liability. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint.

## RESPONSES TO THE NUMBERED ALLEGATIONS

## PRELIMINARY STATEMENT

1. Defendants admit only that Plaintiff purports to bring this action against LMTG and LMGI under the federal, New York State, and New York City laws referenced in the Complaint, and that Plaintiff refers to Defendants collectively as "Liberty" or "Defendants." Defendants deny that LMGI was Plaintiff's employer, deny that Defendants engaged in any discrimination, retaliation, failure to accommodate, or other unlawful conduct, deny that Plaintiff is entitled to any relief, and deny the remaining allegations of Paragraph 1.

2. Defendants admit that Plaintiff was employed in a technology role. Defendants admit, upon information and belief, that Plaintiff has self-identified as a Black woman. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations

concerning Plaintiff's alleged disabilities and therefore deny them. Defendants deny the remaining allegations of Paragraph 2, and specifically deny that Plaintiff was denied any opportunity, benefit, or support on the basis of race, color, sex, age, disability, or any other protected characteristic.

3. Defendants admit only that Plaintiff made certain internal communications and requests during her employment, including requests concerning leave and accommodation, and that Plaintiff was placed on a performance improvement plan. Defendants deny that any performance management, compensation decision, or other action was taken because of any complaint, leave, or accommodation request, deny the characterizations of their conduct, and deny the remaining allegations of Paragraph 3.

4. Defendants admit only that Rachael Moynihan communicated with Plaintiff concerning accommodation, leave, return-to-work, and redeployment matters, and that the communications referenced speak for themselves. Defendants deny any characterization inconsistent with those communications. Defendants deny that they delayed, failed to decide, or improperly handled any accommodation request, deny that the return-to-work and redeployment process was inaccessible or unlawful, deny that they prevented any job-specific assessment, and deny the remaining allegations of Paragraph 4.

**PARTIES**

5. Defendants admit that Plaintiff worked remotely and that she held the positions of Technology Associate and, later, Associate Software Engineer. Defendants admit that Plaintiff appears pro se. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's county of residence, her participation in the New York Address Confidentiality Program, and her work location during the entire relevant period, and therefore deny them.

6. Defendants admit that LMTG is a corporation, that LMTG was Plaintiff's employer, and that LMTG's business address is 175 Berkeley Street, Boston, Massachusetts 02116. Defendants state that Plaintiff's earnings statements speak for themselves. The allegation that LMTG is "doing business in New York" states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations except as expressly admitted.

7. Defendants admit that LMGI is a corporation affiliated with LMTG, that LMGI's business address is 175 Berkeley Street, Boston, Massachusetts 02116, and that Plaintiff named LMGI as the respondent in EEOC Charge No. 520-2026-01763. Defendants deny that LMGI employed Plaintiff. The allegation that LMGI is "doing business in New York" states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations except as expressly admitted.

8. Defendants deny the allegations of Paragraph 8, except admit that certain personnel communicated with Plaintiff using the "Liberty Mutual" name. Defendants specifically deny that LMGI made or participated in decisions concerning the terms and conditions of Plaintiff's employment.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. Defendants specifically deny that LMTG and LMGI operated as a single, integrated, or joint employer of Plaintiff, deny that they were agents of one another for the employment practices at issue, and deny that the identity-of-interest doctrine excuses Plaintiff's failure to name LMTG in her EEOC charge. Defendants admit only that LMTG and LMGI share the principal address stated in Paragraphs 6 and 7.

10. Defendants admit that, at various times, Dante Martinez and Daniel Bolen managed Plaintiff; that Jonathan Daniels and Jaime Chulskiy were in Mr. Bolen's management chain; that Rachael Moynihan, Kristen Taylor, Joseph Piccolo, and Frances Gomes were employees who communicated with Plaintiff in connection with human-resources, talent, leave, or accommodation matters; that Ms. Taylor transmitted an August 28, 2024 communication concerning Plaintiff's accommodation request; and that Ms. Gomes transmitted a June 3, 2025 letter. Defendants deny Plaintiff's characterizations of these individuals' roles and conduct, and deny the remaining allegations of Paragraph 10.

## JURISDICTION AND VENUE

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations, except admit that Plaintiff purports to assert claims under the statutes identified and asserts that this Court has subject-matter jurisdiction over claims arising under federal law. Defendants deny that Plaintiff has stated any viable claim under those statutes.

12. Paragraph 12 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations, except admit that Plaintiff purports to invoke 28 U.S.C. § 1367. Defendants reserve the right to request that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

13. Paragraph 13 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. Defendants deny that any unlawful employment practice occurred in this District or elsewhere, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding where all relevant records are maintained, and therefore deny them.

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. Defendants deny that they engaged in any unlawful employment practice under the New York City Human Rights Law and deny that Plaintiff experienced any actionable impact in New York City.

**RELATED ACTION**

15. Defendants admit that Plaintiff has filed an action captioned Darden v. Liberty Mutual Health and Welfare Plan et al., No. 26-cv-00340-NCM-LKE, which is pending in this Court, and that the pleadings in that action speak for themselves. Defendants deny Plaintiff's characterization of the relationship between the two actions to the extent inconsistent with the record, and reserve all rights and defenses relating to the overlap of the actions, including any defense based on claim-splitting or prior pending action. Defendants deny the remaining allegations of Paragraph 15.

**ADMINISTRATIVE EXHAUSTION AND TIMELINESS**

16. Defendants admit that Plaintiff filed a charge with the EEOC on or about May 19, 2026, designated Charge No. 520-2026-01763, and that the charge named LMGI as respondent. Defendants state that the charge speaks for itself and deny any characterization inconsistent with it. Defendants deny that the charge named LMTG, deny that the charge was timely as to all matters alleged in the Complaint, and deny the remaining allegations of Paragraph 16.

17. Defendants admit that the document attached to the Complaint as Exhibit A is a Dismissal and Notice of Right to Sue dated May 22, 2026, which states that the EEOC was closing the charge and speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning when and how Plaintiff received the notice, and therefore deny them.

18. Paragraph 18 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. Defendants do not contest that this action was filed on August 19, 2026, but Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's date of receipt of the Notice, and deny that Plaintiff has satisfied all administrative prerequisites as to each claim and each Defendant.

19. Defendants lack knowledge or information sufficient to form a belief about whether the charge was dual-filed with the New York State Division of Human Rights or the New York City Commission on Human Rights, and therefore deny that allegation. The remaining allegations of Paragraph 19 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny them.

20. Defendants admit that LMTG was Plaintiff's employer, that LMTG is affiliated with LMGI, and that the two entities share the principal address stated in Paragraphs 6 and 7. The remaining allegations of Paragraph 20 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny them, and specifically deny that Plaintiff exhausted her administrative remedies as to LMTG.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. Defendants deny that their post-charge conduct was unlawful or constituted a "refusal" to engage in any accommodation or reassignment process, and deny that any post-charge conduct is within the scope of, or reasonably related to, the charge.

## FACTUAL ALLEGATIONS

22. Defendants admit that Plaintiff participated in a Liberty technology-training program, was employed as a Technology Associate, and was later promoted to Associate Software Engineer in or around early 2023. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's educational background, and therefore deny them.

23. Defendants admit, upon information and belief, that Plaintiff has self-identified as Black and female and that Plaintiff was over the age of forty during at least part of her employment. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's knowledge or belief regarding the ages and races of other team members, and therefore deny them. Defendants deny any implication that Plaintiff's race, sex, or age played any role in any employment decision.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged impairments and their effect on her major life activities and bodily functions, and therefore deny them.

25. Defendants admit only that Plaintiff submitted accommodation requests, leave requests, and certain medical documentation, which speak for themselves. Defendants deny Plaintiff's characterization of the information conveyed and deny the remaining allegations of Paragraph 25.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 26, including that Plaintiff was meeting legitimate performance expectations, and Defendants lack knowledge

or information sufficient to form a belief about the truth of the allegations concerning the course of Plaintiff's physical and psychological functioning, and therefore deny them.

27. Defendants admit that Plaintiff joined an engineering team in or around 2022. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's perceptions of the race and age of other team members, and deny the remaining allegations of Paragraph 27 as framed.

28. Defendants admit that mentorship, pairing, and assignments may contribute to an engineer's development. Defendants deny that these were the exclusive or determinative means of obtaining work, being evaluated, or advancing, and deny the remaining allegations of Paragraph 28.

29. Defendants admit that Plaintiff requested mentorship at various times. Defendants deny that Plaintiff was denied mentorship, support, or sponsorship comparable to that provided to similarly situated employees, and deny the remaining allegations of Paragraph 29.

30. Defendants admit that Plaintiff was promoted to Associate Software Engineer in or around early 2023 and that Dante Martinez was then her manager. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the precise words allegedly spoken by Mr. Martinez, and therefore deny them. Defendants deny that they withheld development or advancement support from Plaintiff on any basis, and deny the remaining allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31. . Defendants deny that Hanna is a proper comparator, deny that Plaintiff was denied support because of any protected characteristic, and deny the remaining allegations of Paragraph 31.

32. Defendants admit that Cameron Andrukaitis had longer tenure than Plaintiff and was promoted to Senior Software Engineer. Defendants deny the remaining allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33, including that any representation regarding Mr. Andrukaitis's mentoring was false. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning statements Mr. Andrukaitis allegedly made to Plaintiff, and therefore deny them.

34. Defendants admit that Plaintiff raised concerns about Mr. Andrukaitis with Talent Consultation. Defendants deny that Mr. Andrukaitis engaged in hostile or antagonistic conduct, deny that Plaintiff's assignments were improperly restricted, and deny the remaining allegations of Paragraph 34.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the precise communications Plaintiff alleges she received from human resources, and therefore deny them.

37. Defendants admit that overtime work was subject to managerial approval in accordance with applicable policies. Defendants deny that Plaintiff was subjected to approval requirements not applied to similarly situated colleagues, and deny the remaining allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38. .

39. Defendants admit that Plaintiff raised concerns with Mr. Martinez regarding mentorship and support. Defendants deny that Plaintiff identified any discrimination on the basis

of a protected characteristic in those communications, deny that conditions were unequal, and deny the remaining allegations of Paragraph 39.

40. Defendants admit that Plaintiff's performance was evaluated in the ordinary course and that, in or around October 2023, a change was made to Plaintiff's participation in pairing. Defendants deny that any statement about Plaintiff's performance was false or misleading, deny that any evaluation was motivated by any complaint or any other improper purpose, and deny the remaining allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41 as framed, except admit that Plaintiff did not participate in the pairing pool during part of the period from October 2023 through December 3, 2024, and that Plaintiff began leave on or about December 3, 2024.

42. Defendants admit that Plaintiff was assigned independent work. Defendants deny that suitable work or training was withheld, deny that performance concerns were the predictable result of conditions Defendants created, and deny the remaining allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants admit that on or about January 2, 2024, Mr. Martinez sent Plaintiff an email copying Mr. Bolen, which speaks for itself, and deny any characterization inconsistent with it. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Plaintiff later reported to Talent Consultation beyond the documents themselves. Defendants deny that the email was improper, deny that Mr. Martinez transmitted negative or misleading information to Mr. Bolen, and deny the remaining allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45, except admit that Plaintiff did not participate in the pairing pool during the remainder of her active work.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants admit that in or around April 2024 Plaintiff submitted a written complaint to human resources, which speaks for itself, and that Plaintiff communicated with Talent Services personnel, including Preeti Gupta and Joseph Piccolo, at various times in 2024. Defendants deny Plaintiff's characterizations of those communications, deny that Plaintiff was subjected to FMLA interference or retaliation, deny that Mr. Piccolo responded dismissively or laughed at Plaintiff, and deny that management declined to address legitimate concerns. Defendants deny the remaining allegations of Paragraph 47.

48. Defendants admit that in or around November 2023 Plaintiff informed Mr. Martinez that she intended to apply for intermittent FMLA leave. Defendants deny that Mr. Martinez discouraged Plaintiff from applying for FMLA leave, deny that he "snickered," and deny Plaintiff's characterization of the conversation. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's use of vacation, and therefore deny them.

49. Defendants admit that Plaintiff's request for intermittent FMLA leave was approved effective on or about November 20, 2023, and that the leave approval documentation speaks for itself. Defendants admit that Mr. Bolen was informed of the parameters of Plaintiff's approved intermittent leave. Defendants admit that Plaintiff submitted a complaint to human resources before May 29, 2024, which speaks for itself. Defendants deny that Plaintiff was subjected to FMLA interference or retaliation and deny the remaining allegations of Paragraph 49.

50. Defendants admit that human resources concluded its review of Plaintiff's complaint in or around May 2024 and that Plaintiff was placed on a Performance Improvement Plan on or about May 29, 2024. Defendants deny that human resources failed to maintain

appropriate confidentiality, deny that the review failed to address any legitimate concern, and deny the remaining allegations of Paragraph 50.

51. Defendants state that the May 29, 2024 Performance Improvement Plan speaks for itself and deny any characterization inconsistent with it. Defendants deny that the Performance Improvement Plan was predicated on conditions created by Defendants and deny the remaining allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52, except state that any performance metrics, charts, or communications referenced speak for themselves.

53. Defendants admit that on or about August 23, 2024, Mr. Bolen sent Plaintiff a communication containing the quoted language, which speaks for itself.. Defendants deny Plaintiff's characterization of that statement, deny that it connected Plaintiff's protected leave to any performance-management decision, and deny the remaining allegations of Paragraph 53.

54. Defendants admit that on or about October 9, 2024, Plaintiff was placed on, or continued on, a Performance Improvement Plan, which speaks for itself. Defendants deny that Plaintiff was subjected to improper scrutiny or exclusion, deny that any review role assigned to Mr. Andrukaitis was contrary to policy or practice, and deny the remaining allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55, except admit that Defendants' personnel communicated with Plaintiff concerning leave administration during periods of leave, as permitted by law.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 56.

57. Defendants admit that in or around June 2024 Plaintiff requested workplace accommodations and submitted certain medical information through Defendants' process. Defendants deny Plaintiff's characterization of the requests and their medical basis, and deny the remaining allegations of Paragraph 57.

58. Defendants admit that on or about June 5, 2024, Ms. Moynihan acknowledged Plaintiff's accommodation request and scheduled a discussion, and that on or about August 6, 2024, Mr. Piccolo communicated with Plaintiff concerning her accommodation matter. Those communications speak for themselves. Defendants deny any characterization inconsistent with them.

59. Defendants admit that on or about August 28, 2024, Ms. Taylor transmitted an accommodation determination to Plaintiff, copying Ms. Moynihan and Mr. Bolen, which speaks for itself. Defendants deny that the determination was incomplete or deficient, deny that any delay was unreasonable, and deny the remaining allegations of Paragraph 59.

60. Defendants admit that Plaintiff sent follow-up communications regarding the August 28, 2024 determination, which speak for themselves. Defendants deny that the accommodation process was incomplete and deny the remaining allegations of Paragraph 60.

61. Defendants deny the allegations of Paragraph 61, except state that Ms. Moynihan's June 10, 2026 email speaks for itself, and deny any characterization inconsistent with it.

62. Defendants admit that in or around July and August 2024 Ms. Moynihan communicated with Plaintiff's treating provider to request medical documentation in connection with Plaintiff's accommodation request. Defendants deny that those communications were improper, deny that they rendered any accommodation less effective, and deny the remaining allegations of Paragraph 62.

63. Defendants admit that Plaintiff made an additional request in or around October 2024. Defendants deny that the request was ignored or improperly handled and deny the remaining allegations of Paragraph 63.

64. Defendants admit that Plaintiff last actively worked on or about December 2, 2024, and thereafter began an approved leave of absence. Defendants admit that Plaintiff requested leave extensions and submitted information related to her leave. Defendants deny Plaintiff's characterization of the remaining allegations of Paragraph 64.

65. Defendants state that their leave policies and Ms. Moynihan's communications speak for themselves, and deny any characterization inconsistent with them. The remaining allegations of Paragraph 65 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny them.

66. Defendants admit that Lincoln Financial Group administered disability benefits, that Lincoln is not Plaintiff's employer, and that Lincoln is not a party to this action. Defendants deny that they treated benefits administration as a substitute for any accommodation obligation, deny that a return-to-work release was an improper condition, and deny the remaining allegations of Paragraph 66.

67. Defendants admit that on or about June 3, 2025, Ms. Gomes sent Plaintiff a letter, which speaks for itself, and deny any characterization inconsistent with it.

68. Defendants admit that in or around July 2025 Plaintiff communicated with Ms. Moynihan regarding the return of company equipment. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged limitations, and therefore deny them. Defendants deny the remaining allegations of Paragraph 68.

69. Defendants admit that Ms. Moynihan communicated with Plaintiff regarding equipment-return options. Defendants deny that the equipment-return method was inaccessible, deny that they failed to provide a reasonable alternative, and deny the remaining allegations of Paragraph 69.

70. Defendants admit that Plaintiff posed questions regarding the status of her position. Defendants deny that they failed to provide information they were obligated to provide and deny the remaining allegations of Paragraph 70.

71. Defendants admit that on or about October 29, 2025, Ms. Moynihan sent Plaintiff a communication, which speaks for itself, and deny any characterization inconsistent with it.

72. Defendants admit that Plaintiff was on an approved leave of absence on October 29, 2025 and had not been released to return to work, and that Defendants' policies restrict system access by employees on leave and required return of company equipment. Defendants deny that these circumstances prevented Plaintiff from participating in any process once released, and deny the remaining allegations of Paragraph 72.

73. Defendants admit that on or about October 30, 2025 and thereafter Plaintiff sent communications to Defendants, which speak for themselves. Defendants deny any characterization inconsistent with those communications and deny that Plaintiff's objections had merit.

74. Defendants admit that on or about October 31, 2025, Ms. Moynihan communicated that the forty-five-day process could be paused while Plaintiff was not medically released and described Defendants' policy; that communication speaks for itself. Defendants deny that the process was inaccessible and deny the remaining allegations of Paragraph 74.

75. Defendants admit that Plaintiff filed an EEOC charge on or about May 19, 2026, which speaks for itself. Defendants deny any characterization inconsistent with the charge and deny that they failed to accommodate Plaintiff or engage in any interactive process.

76. Defendants admit that on or about June 10, 2026, Ms. Moynihan sent Plaintiff a communication, which speaks for itself, and deny any characterization inconsistent with it. Defendants deny the remaining allegations of Paragraph 76.

77. Defendants admit that Plaintiff sent written communications dated on or about July 9 and July 17, 2026, which speak for themselves, and deny any characterization inconsistent with them.

78. Defendants admit that on or about July 29, 2026, Ms. Moynihan sent Plaintiff a communication, which speaks for itself, and deny any characterization inconsistent with it.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 79, and specifically deny that requiring a medical release before return to work obstructed any interactive process.

80. Defendants admit that they maintain information about their internal vacancies. Defendants deny that they withheld information they were obligated to provide, deny that Plaintiff was subjected to an unlawful "competitive clock," and deny the remaining allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81, except state that the referenced documents speak for themselves.

82. Defendants admit that, as of the filing of the Complaint, Plaintiff remained employed by LMTG and on leave. Defendants state that Ms. Moynihan's communications speak

for themselves and deny any characterization inconsistent with them. Defendants deny that Plaintiff has suffered any legally cognizable injury and deny the remaining allegations of Paragraph 82.

83. Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's medical conditions, treatment, and the findings of her providers, and therefore deny them.

85. Defendants admit only that they received certain written communications from Plaintiff, which speak for themselves. Defendants deny that they acted intentionally, recklessly, with conscious indifference, with malice, or in bad faith, and deny the remaining allegations of Paragraph 85.

**COUNT I – TITLE VII DISCRIMINATION AND HOSTILE WORK ENVIRONMENT (42 U.S.C. § 2000e-2)**[1]

86-91. Plaintiff's Count I is subject to Defendants' proposed motion to dismiss. To the extent a response is deemed required, Defendant denies the allegations of these paragraphs except to admit, upon information and belief, that Plaintiff has self-identified as black and female..

**COUNT II – TITLE VII RETALIATION (42 U.S.C. § 2000e-3(a))**

92-96. Plaintiff's Count II is subject to Defendants' proposed motion to dismiss. Defendant denies any remaining allegations of these paragraphs except to admit that Plaintiff's EEOC charge was filed on or about May 19, 2026 and that LMGI received notice of the same.

[1] Defendants have contemporaneously filed a letter request for a pre-filing conference in anticipation of filing a motion to dismiss Plaintiff's Count I, II, IV, V, and V. The numbering of this Answer reflects that certain paragraphs of Plaintiff's Complaint (Doc. 1) are subject to that motion and, therefore, the responses to those paragraphs are consolidated for the purposes of this answer.

Defendants further state that any communications sent by Ms. Moynihan speak for themselves and deny any characterization inconsistent with them.

## COUNT III – RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

97. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 96 as if fully set forth herein.

98. Paragraph 98 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 98 as framed.

99. Defendants deny the allegations of Paragraph 99.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

## COUNT IV – ADA DISCRIMINATION AND FAILURE TO ACCOMMODATE (42 U.S.C. §§ 12112(a), 12112(b)(5))

102. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 101 as if fully set forth herein.

103. Paragraph 103 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 103.

104-107. Plaintiff's allegations in Paragraphs 104-107 are subject to Defendants' proposed motion to dismiss. To the extent that the allegations contained in Paragraphs 104-107 are not subject to that motion, Defendants admit only that Plaintiff submitted accommodation requests and certain medical information. Defendants deny the remaining allegations of Paragraphs 104-107.

108. Defendants admit that Lincoln Financial Group administered disability benefits and return-to-work medical releases. Defendants deny the remaining allegations of Paragraph 108.

**COUNT V – ADA RETALIATION, COERCION, AND INTERFERENCE (42 U.S.C. § 12203)**

109-113. Plaintiff's Count V is subject to Defendants' proposed motion to dismiss. To the extent a response is deemed required, Defendants admit only that Ms. Moynihan communicated with Plaintiff in relation to multiple topics beginning in July 2025 and state that Ms. Moynihan's communications speak for themselves. Defendants deny any characterization inconsistent with Ms. Moynihan's communications and deny any remaining allegations of these paragraphs.

**COUNT VI – ADEA AGE DISCRIMINATION (29 U.S.C. § 623(a))**

114-117. Plaintiff's Count VI is subject to Defendants' proposed motion to dismiss. To the extent a response is deemed required, Defendant denies the allegations of these paragraphs except to admit, upon information and belief, that Plaintiff is over forty years of age.

**COUNT VII – FMLA INTERFERENCE AND RETALIATION (29 U.S.C. § 2615)**

118. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 117 as if fully set forth herein.

119. Defendants admit that Plaintiff's employment began on or about January 18, 2022, that Plaintiff last actively worked on or about December 2, 2024, and that Plaintiff was approved for and took FMLA leave during her employment. The remaining allegations of Paragraph 119 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that LMTG was a covered employer and otherwise deny the allegations, and specifically deny that LMGI was Plaintiff's employer for FMLA purposes.

120. Defendants deny the allegations of Paragraph 120.

121. Defendants admit that Plaintiff requested and took FMLA leave and that she submitted complaints to human resources. Defendants deny that any interference occurred and deny the remaining allegations of Paragraph 121.

122. Defendants admit that Plaintiff was placed on Performance Improvement Plans on or about May 29 and October 9, 2024. Defendants deny the remaining allegations of Paragraph 122.

123. Defendants deny the allegations of Paragraph 123, and specifically deny that any alleged violation was willful.

**COUNT VIII – NYSHRL DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND FAILURE TO ACCOMMODATE (N.Y. Exec. Law § 296(1), (3))**

124. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 123 as if fully set forth herein.

125. Defendants deny the allegations of Paragraph 125.

126. Defendants deny the allegations of Paragraph 126.

127. Defendants admit only that Plaintiff submitted accommodation requests and certain medical documentation. Defendants deny the remaining allegations of Paragraph 127.

128. Paragraph 128 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 128, and specifically deny that any untimely conduct is actionable under a continuing-violation theory.

**COUNT IX – NYSHRL RETALIATION (N.Y. Exec. Law § 296(7))**

129. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 128 as if fully set forth herein.

130. Paragraph 130 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations, except admit that Plaintiff requested accommodations, submitted internal complaints, and filed an EEOC charge, which speak for themselves.

131. Defendants admit that they received Plaintiff's written requests and internal complaint and that LMGI received notice of the EEOC charge. Defendants deny the remaining allegations of Paragraph 131.

132. Defendants deny the allegations of Paragraph 132.

**COUNT X – NYCHRL (N.Y.C. Admin. Code § 8-107(1), (15))**

133. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 132 as if fully set forth herein.

134. Defendants deny the allegations of Paragraph 134.

135. Defendants deny the allegations of Paragraph 135.

136. Defendants admit only that they received Plaintiff's accommodation requests and that an accommodation determination was transmitted on or about August 28, 2024. Defendants deny the remaining allegations of Paragraph 136.

137. Paragraph 137 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 137.

**COUNT XI – NYCHRL RETALIATION (N.Y.C. Admin. Code § 8-107(7))**

138. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 137 as if fully set forth herein.

139. Paragraph 139 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations, except admit that Plaintiff requested accommodations and filed an EEOC charge.

140. Defendants deny the allegations of Paragraph 140.

141. Defendants deny the allegations of Paragraph 141.

## COUNT XII – FAILURE TO ENGAGE IN A COOPERATIVE DIALOGUE (N.Y.C. Admin. Code § 8-107(28))

142. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 141 as if fully set forth herein.

143. Defendants admit that Plaintiff made accommodation requests. The remaining allegations of Paragraph 143 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny them.

144. Defendants deny the allegations of Paragraph 144.

145. Defendants deny the allegations of Paragraph 145.

146. Paragraph 146 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 146.

## PRAYER FOR RELIEF

147. Paragraph 147 and its subparagraphs A through I constitute Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 147, subparagraphs A through I, or to any relief whatsoever.

## JURY DEMAND

148. Paragraph 148 is Plaintiff's jury demand, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to a jury trial on any claim or issue not triable of right by a jury, including claims for equitable relief, back pay and front pay under Title VII and the ADA, and any other equitable remedy.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production that it would not otherwise bear under applicable law, and without conceding that any of the following must be pleaded as affirmative defenses, Defendants assert the following defenses. Defendants reserve the right to rely on any additional defense that becomes known through discovery or further investigation.

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted, including, without limitation, Plaintiff's claims for hostile work environment, retaliation premised on post-charge communications, and failure to accommodate, and any claim against LMGI.

### SECOND DEFENSE
### (Not Plaintiff's Employer)

LMGI was not Plaintiff's employer, joint employer, or integrated employer within the meaning of Title VII, the ADA, the ADEA, the FMLA, 42 U.S.C. § 1981, the NYSHRL, or the NYCHRL, and did not make or control the employment decisions alleged in the Complaint. All claims against LMGI fail for this reason.

**THIRD DEFENSE**
**(Failure to Exhaust Administrative Remedies / Scope of the EEOC Charge)**

Plaintiff's claims under Title VII, the ADA, and the ADEA are barred, in whole or in part, to the extent Plaintiff failed to exhaust administrative remedies as to any claim, protected category, discrete act, Defendant, or respondent. Without limitation, EEOC Charge No. 520-2026-01763 named only LMGI and did not name LMTG as a respondent; Plaintiff cannot establish that LMTG had an identity of interest with LMGI sufficient to excuse that omission; and the omission deprived LMTG of the notice, investigation, and conciliation opportunities required by law. Plaintiff's federal charge-based claims are further barred to the extent they exceed the factual scope of the charge or any investigation reasonably expected to grow out of it, including any discrete post-charge acts or theories that are not reasonably related to the charge. Defendants deny that any alleged post-charge conduct constituted discrimination, retaliation, failure to accommodate, interference, or any other unlawful employment practice.

**FOURTH DEFENSE**
**(Statute of Limitations / Untimely Charge)**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and administrative filing periods. Without limitation: (a) Plaintiff's Title VII, ADA, and ADEA claims are barred to the extent they are based on discrete acts occurring more than 300 days before Plaintiff filed her EEOC charge on or about May 19, 2026—that is, before on or about July 23, 2025—including the alleged 2023 pairing-pool removal, 2023 evaluations and bonus decision, 2024 Performance Improvement Plans, and 2024 accommodation determinations; (b) Plaintiff's FMLA claims are barred to the extent based on conduct occurring more than two years before this action was filed on August 19, 2026, and Plaintiff cannot establish willfulness sufficient to invoke the three-year period under 29 U.S.C. § 2617(c)(2); (c) Plaintiff's § 1981, NYSHRL, and

NYCHRL claims are barred to the extent based on conduct outside their respective limitations periods; and (d) the continuing-violation doctrine does not apply to discrete acts.

**FIFTH DEFENSE**
**(Untimely Suit as to Charge-Based Claims)**

To the extent Plaintiff did not commence this action within ninety days of her receipt of the EEOC's notice of dismissal as to any respondent or claim, such claims are barred.

**SIXTH DEFENSE**
**(Legitimate, Non-Discriminatory, and Non-Retaliatory Business Reasons)**

Every action taken with respect to Plaintiff's employment, including decisions concerning work assignments, pairing, mentorship, performance evaluations, Performance Improvement Plans, bonus and overtime, accommodation determinations, leave administration, equipment return, and return-to-work and redeployment, was taken for legitimate, non-discriminatory, non-retaliatory business reasons unrelated to Plaintiff's race, color, sex, age, disability, protected leave, accommodation requests, complaints, or any other protected characteristic or activity, and none of those reasons is pretextual.

**SEVENTH DEFENSE**
**(Same Decision / Mixed Motive)**

Without conceding that any protected characteristic or activity played any role in any decision, Defendants would have taken the same actions in the absence of any impermissible motivating factor. To the extent any claim is subject to a mixed-motive analysis, Plaintiff's remedies are limited as provided in 42 U.S.C. § 2000e-5(g)(2)(B) and other applicable law. Plaintiff's ADEA, § 1981, and Title VII and ADA retaliation claims require but-for causation, which Plaintiff cannot establish.

**EIGHTH DEFENSE**
**(Faragher/Ellerth Defense)**

Plaintiff's hostile work environment claims under federal law and the NYSHRL are barred, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any harassing or discriminatory behavior, including by maintaining and enforcing anti-discrimination, anti-harassment, anti-retaliation, leave, and accommodation policies with complaint procedures, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided or to otherwise avoid harm. No tangible employment action resulted from any alleged harassment.

**NINTH DEFENSE**
**(Conduct Not Severe or Pervasive / Petty Slights and Trivial Inconveniences)**

The conduct alleged was not sufficiently severe or pervasive to alter the conditions of Plaintiff's employment under federal law, and, under the NYSHRL and NYCHRL, the conduct alleged consisted at most of petty slights and trivial inconveniences that a reasonable person with the same protected characteristics would consider as such.

**TENTH DEFENSE**
**(Reasonable Accommodation Provided / Good-Faith Interactive Process)**

Defendants engaged in good faith in the interactive process and cooperative dialogue with Plaintiff, provided reasonable accommodations, and acted in good faith in consultation with Plaintiff to identify and make reasonable accommodations. Plaintiff is not entitled to the accommodation of her choice, and any breakdown in the interactive process was attributable to Plaintiff. Under 42 U.S.C. § 1981a(a)(3), compensatory and punitive damages are not available on Plaintiff's ADA accommodation claim.

**ELEVENTH DEFENSE**
**(Not a Qualified Individual / Undue Hardship)**

Plaintiff's disability claims are barred, in whole or in part, to the extent Plaintiff was not a qualified individual able to perform the essential functions of her position, or of any vacant position for which she was qualified, with or without reasonable accommodation, and to the extent any requested accommodation—including indefinite leave, reassignment without medical release, exemption of Plaintiff from return-to-work requirements, or elimination of essential functions—would have imposed an undue hardship on Defendants' business or was not reasonable. Defendants were not required to create a new position, displace other employees, or reassign Plaintiff to a position for which she was not qualified or medically released.

**TWELFTH DEFENSE**
**(Job-Related and Consistent with Business Necessity)**

Any request for medical information, provider documentation, qualification standard, return-to-work medical-release requirement, fitness-for-duty certification, job-related functional information, or policy applied to Plaintiff was lawful, job-related, consistent with business necessity, was applied uniformly, was necessary to evaluate Plaintiff's ability to perform essential functions or participate in the accommodation process, maintained or disclosed only as permitted by applicable law, and was otherwise permissible under the ADA, NYSHRL, and NYCHRL.

**THIRTEENTH DEFENSE**
**(FMLA Compliance)**

Defendants provided Plaintiff all leave to which she was entitled under the FMLA, did not interfere with, restrain, or deny the exercise of any FMLA right, and did not retaliate against Plaintiff. Plaintiff had no greater right to reinstatement, restoration, position availability, overtime, bonus, assignments, benefits, or other employment terms than she would have had if continuously employed, and Defendants were permitted to administer uniformly applied return-to-work, fitness-

for-duty, leave, and restoration requirements. To the extent Plaintiff was not medically released or was unable to perform an essential function of her position at the time restoration was sought, the FMLA did not require restoration to the same or another position. Plaintiff suffered no prejudice or recoverable damages from any alleged technical violation. Any FMLA claim against LMGI fails because LMGI was not Plaintiff's employer. Defendants acted in good faith and with reasonable grounds for believing their conduct complied with the FMLA, such that liquidated damages are not available under 29 U.S.C. § 2617(a)(1)(A)(iii).

**FOURTEENTH DEFENSE**
**(No Adverse Employment Action / No Materially Adverse Action)**

Plaintiff did not suffer an adverse employment action within the meaning of the applicable statutes as to many of the matters alleged, and the post-charge communications on which Plaintiff relies, including communications describing Defendants' existing leave and return-to-work policies, would not dissuade a reasonable worker from making or supporting a charge of discrimination.

**FIFTEENTH DEFENSE**
**(At-Will Employment)**

Plaintiff's employment was at all times at will and could be modified or terminated by either party at any time, with or without cause or notice, subject only to applicable statutory limitations. Plaintiff had no contractual right to any particular assignment, mentorship, bonus, promotion, position, or continued employment, and Plaintiff's § 1981 claim fails to the extent it is premised on contractual rights she did not possess.

**SIXTEENTH DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff's claims for damages are barred or must be reduced to the extent Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages, including by failing to obtain a

medical release, engage in the return-to-work or redeployment process, or seek other suitable employment.

**SEVENTEENTH DEFENSE**
**(After-Acquired Evidence)**

Plaintiff's claims for damages and equitable relief are barred or limited, in whole or in part, by the after-acquired evidence doctrine to the extent Defendants discover evidence of misconduct by Plaintiff that would have resulted in her termination or other adverse action had Defendants known of it. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995). Defendants reserve the right to assert this defense as discovery proceeds.

**EIGHTEENTH DEFENSE**
**(Good-Faith Efforts to Comply (Kolstad) / No Punitive Damages)**

Plaintiff is not entitled to punitive damages because Defendants did not act with malice or reckless indifference to Plaintiff's federally protected rights, and because any discriminatory or retaliatory conduct by managerial agents, which Defendants deny, was contrary to Defendants' good-faith efforts to comply with anti-discrimination laws, including the maintenance and enforcement of anti-discrimination, anti-retaliation, and accommodation policies and training. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999). Punitive damages are not recoverable under the ADEA, the FMLA, or the NYSHRL to the extent not authorized by law, and any award under the NYCHRL is limited by the standard set forth in *Chauca v. Abraham*, 30 N.Y.3d 325 (2017). Any award of punitive damages would also violate the due process protections of the United States and New York Constitutions.

**NINETEENTH DEFENSE**
**(Statutory Damages Caps)**

Any award of compensatory and punitive damages under Title VII and the ADA is subject to, and limited by, the statutory caps set forth in 42 U.S.C. § 1981a(b)(3). Damages for pain and

suffering, emotional distress, and punitive damages are not recoverable under the ADEA or the FMLA, and liquidated damages under the ADEA are available only upon a showing of willfulness, which Plaintiff cannot make.

**TWENTIETH DEFENSE**
**(Offset and Setoff)**

Any recovery by Plaintiff must be offset and reduced by all amounts Plaintiff received or will receive from any source, including wages, short- or long-term disability benefits, Social Security disability benefits, workers' compensation benefits, unemployment insurance, and any other collateral source to the extent permitted by law, and by any amounts awarded in *Darden v. Liberty Mutual Health and Welfare Plan et al.*, No. 26-cv-00340-NCM-LKE. Plaintiff may not obtain a double recovery for the same alleged injury.

**TWENTY-FIRST DEFENSE**
**(Back Pay and Front Pay Limitations)**

Plaintiff's claims for back pay and front pay are barred or limited to the extent Plaintiff was unable to work, was on leave, was receiving disability benefits, or was not medically released to perform work during any period for which she seeks pay, and to the extent Plaintiff has represented to any benefits administrator or governmental agency that she is unable to work. Plaintiff is judicially estopped from asserting positions inconsistent with any such representations. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999).

**TWENTY-SECOND DEFENSE**
**(Waiver, Estoppel, and Laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel (including judicial estoppel), and laches, including to the extent Plaintiff delayed in raising concerns, failed to respond to or participate in the accommodation and return-to-work process, or has taken positions in other proceedings inconsistent with her claims here.

**TWENTY-THIRD DEFENSE**
**(Unclean Hands)**

Plaintiff's claims for equitable relief are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-FOURTH DEFENSE**
**(Claim-Splitting / Prior Pending Action)**

Plaintiff's claims are barred or subject to dismissal or stay, in whole or in part, to the extent they arise from the same transactions, facts, or occurrences at issue in *Darden v. Liberty Mutual Health and Welfare Plan et al.*, No. 26-cv-00340-NCM-LKE, including the administration of disability benefits and related leave communications, under the doctrines prohibiting claim-splitting and duplicative litigation. Any claim concerning the administration of benefits under an ERISA-governed plan is preempted by ERISA, 29 U.S.C. § 1144.

**TWENTY-FIFTH DEFENSE**
**(Election of Remedies and Supplemental Jurisdiction)**

Plaintiff's NYSHRL and NYCHRL claims are barred to the extent Plaintiff has elected another remedy under N.Y. Exec. Law § 297(9) or N.Y.C. Admin. Code § 8-502(a). The Court should decline to exercise supplemental jurisdiction over Plaintiff's state and city law claims if the federal claims are dismissed. 28 U.S.C. § 1367(c).

**TWENTY-SIXTH DEFENSE**
**(Extraterritoriality / NYCHRL and NYSHRL Coverage)**

Plaintiff's NYCHRL and NYSHRL claims are barred to the extent Plaintiff did not reside or work in New York during the relevant time period, the alleged conduct and its impact did not occur within New York City or New York State, respectively, and to the extent the challenged decisions were made outside New York.

**TWENTY-SEVENTH DEFENSE**
**(NYCHRL Affirmative Defenses)**

To the extent applicable, Plaintiff's NYCHRL claims are subject to the affirmative defenses set forth in N.Y.C. Admin. Code, including but not limited to § 8-107(13)(d)–(e), namely that Defendants established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices, and to the defense under N.Y.C. Admin. Code § 8-107(28)(e) that Defendant attempted to engage in good faith in any dialogue required by law, including by communicating with Plaintiff regarding leave, accommodation, return-to-work, equipment return, medical-release, and redeployment issues. Plaintiff's conduct prevented the completion of any cooperative dialogue required by law, and the limitations on penalties and damages in N.Y.C. Admin. Code § 8-107(13)(e) should be applied to Plaintiff's NYCHRL claims.

**TWENTY-EIGHTH DEFENSE**
**(No Individual Liability for Acts Outside Scope / No Respondeat Superior)**

Defendants are not liable for any acts of their employees or agents that were outside the scope of their employment or agency, that were not authorized, ratified, or condoned by Defendants, or of which Defendants had no knowledge or could not have been prevented through reasonable diligence. Plaintiff's NYCHRL claims are barred or limited, in whole or in part, to the extent Defendants are not liable under the employer-liability standards of N.Y.C. Admin. Code § 8-107(13), including because any alleged conduct was not committed by an employee or agent exercising managerial or supervisory responsibility.

**TWENTY-NINTH DEFENSE**
**(Damages Speculative / Not Caused by Defendants)**

Plaintiff's alleged damages, including her alleged physical and psychological injuries, are speculative, were not proximately caused by any act or omission of Defendants, and were caused or contributed to by pre-existing conditions or factors unrelated to Plaintiff's employment.

**THIRTIETH DEFENSE**
**(Workers' Compensation Exclusivity)**

To the extent Plaintiff seeks recovery for physical or psychological injury arising out of and in the course of her employment that is not premised on discrimination or retaliation, such claims are barred by the exclusivity provisions of the New York Workers' Compensation Law, N.Y. Workers' Comp. Law §§ 11 and 29(6).

**THIRTY-FIRST DEFENSE**
**(Equitable Relief Unavailable)**

Plaintiff is not entitled to declaratory or injunctive relief because she has an adequate remedy at law, cannot show irreparable harm, and remains employed; Plaintiff's demand for reinstatement or placement is moot or premature to the extent she remains employed and has not been medically released to return to work.

**THIRTY-SECOND DEFENSE**
**(Limitations on Attorneys' Fees)**

Plaintiff is not entitled to recover attorneys' fees for any period during which she proceeds pro se or otherwise has not incurred compensable attorneys' fees. Any award of attorneys' fees, expert fees, costs, or litigation expenses is barred or limited to the extent not authorized by statute, not actually incurred, unreasonable, duplicative, attributable to unsuccessful or unrelated claims, or otherwise unavailable under applicable law.

## RESERVATION OF RIGHTS

Defendants presently lack sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses. Defendants reserve the right to amend this Answer to assert additional defenses, counterclaims, cross-claims, or third-party claims as may become known through discovery or further investigation, in accordance with Federal Rule of Civil Procedure 15 and any scheduling order entered by the Court. Defendants further reserve all defenses under Federal Rule of Civil Procedure 12(b) and 12(h)(2) that are not waived by the filing of this Answer.

## DEFENDANTS' DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a trial by jury on all claims and issues so triable as of right. Defendants do not consent to a jury trial on any claim or issue for which a jury trial is not available as of right, including Plaintiff's claims for equitable relief, back pay, and front pay.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

(a) Dismiss the Complaint, and each Count thereof, in its entirety and with prejudice;

(b) Enter judgment in favor of Defendants and against Plaintiff on all claims;

(c) Deny all relief requested by Plaintiff, including declaratory, injunctive, compensatory, liquidated, and punitive damages;

(d) Award Defendants their costs and, to the extent permitted by law, including 42 U.S.C. §§ 1988 and 2000e-5(k), 42 U.S.C. § 12205, and N.Y.C. Admin. Code § 8-502(g), their reasonable attorneys' fees; and

(e) Grant Defendants such other and further relief as the Court deems just and proper.

Dated: October 26th, 2026.

Respectfully submitted,

MAYNARD NEXSEN PC

By: *s/ Justin Condit*
Justin Condit (NY Bar No. 5457114)
Maynard Nexsen, PC
551 Fifth Avenue
The Fred F. French Building, Suite 1600
New York, NY 10176
Telephone: 646-629-9295
Email: jcondit@maynardnexsen.com

*Attorneys for Defendants Liberty Mutual Technology Group Inc. and Liberty Mutual Group Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26th, 2026, I electronically filed the foregoing Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of Court using the CM/ECF system. Because Plaintiff is proceeding pro se I further certify that on the same date I caused a true and correct copy of the foregoing to be served upon Plaintiff by first-class United States mail, postage prepaid, and by electronic mail, addressed as follows:

Time Darden, Plaintiff Pro Se
ACP #8413, P.O. Box 1110
Albany, New York 12201
TimeDarden@proton.me

/s/ *Justin Condit*
Justin Condict