Justin Condit
Direct (646) 609-9295
Email jcondit@maynardnexsen.com

MAYNARDNEXSEN

October 26, 2026

The Honorable Natasha C. Merle
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Darden v. Liberty Mutual Technology Group Inc., et al.*,**
**Civil Action No. 1:26-cv-05017-NCM-LKE (E.D.N.Y.)**
**Request for Pre-Motion Conference prior to Filing Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

Dear Judge Merle:

We represent Defendants Liberty Mutual Technology Group Inc. and Liberty Mutual Group, Inc. in the above-referenced action.

Pursuant to your Individual Practice Rule 3(a)(1), Defendants respectfully request a pre-motion conference with the Court in advance of filing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendants plan to move to dismiss Counts I, II, IV, V, and VI of the Complaint (Doc. 1) in this matter as either time-barred or for failure to allege facts that plausibly state a claim for relief.

Plaintiff filed her Complaint (Doc. 1) in the present action on August 19, 2026, alleging twelve claims of employment discrimination or retaliation under Title VII, 42 U.S.C. § 1981, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), the Family and Medical Leave Act (FMLA), New York State Human Rights Law (NYSHRL), and New York City Human Rights Law (NYCHRL). Plaintiff's claims all relate to her employment with Defendants from which she has been on disability leave since December 2, 2024. Specifically, Plaintiff's claims stem from various allegations of discrimination and retaliation while she was actively working and for a failure to provide a reasonable accommodation under the applicable disability laws that allegedly occurred while she was actively employed and has continued since she has been on disability leave. (*See* Doc. 1, §§ A-G.) Defendants plan to move to dismiss these claims due to a failure to exhaust administrative remedies by filing a charge of discrimination with the EEOC within the required time-period and for a failure to state claims for retaliation under applicable law.

Specific to Counts I and VI, Plaintiff's discrimination claims under Title VII and the ADEA (Doc. 1 at 13, 17) are barred by 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C. § 626(d)(1)(B) as they are entirely based on events that occurred more than 300 days prior to the filing of Plaintiff's EEOC charge. Further, Plaintiff's Count IV and V under the ADA (Doc. 1 at 15-17) are subject to dismissal to the extent they similarly rely on events that precede the 300-day Title VII filing

window incorporated into the ADA under 42 U.S.C. § 12117(a). *See Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 328 (2d Cir. 1999) (applying the 300-day Title VII charge-filing period to ADA claims). Finally, Plaintiff's Count II and Count V (Doc. 1 at 14, 16-17), alleging retaliation under Title VII and the ADA, are due to be dismissed as both fail to allege any cognizable adverse action and fail to allege causation between her protected activity and any alleged adverse action. In the alternative, Defendant requests that the Court require Plaintiff to re-plead Count IV to specify the basis for a failure to accommodate based on events that are within the EEOC filing window.

As a result of these pleading deficiencies, Defendants respectfully request that the Court schedule a pre-motion conference prior to the filing of Defendants' motion under Fed. R. Civ. P. 12(b)(6). Defendants remain available and willing to answer any questions the Court may have on this motion or this matter.

Thank you for the Court's consideration.

Respectfully submitted,

*/s/ Justin Condit*

Justin Condit

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Request for Pre-Motion Conference has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this the 26th day of October, 2026:

Time Darden
ACP #8413
Albany, NY 12201
Plaintiff, *Pro Se*

*/s/ Justin Condit*
Justin Condit